**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THOMAS M. DEESE, | DOCKET NUMBER |
| Appellant, | AT-0831-10-0065-A-2 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: November 21, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patrick J. Deese, Esquire, Melbourne, Florida, for the appellant.

Delores A. Saunders, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which denied his motion for attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant appealed the Office of Personnel Management's (OPM) reconsideration decision to deny his application for a child's survivor annuity. MSPB Docket No. AT-0831-10-0065-I-1, Initial Appeal File (IAF), Tab 1. After an administrative judge affirmed OPM's denial, the Board granted the appellant's petition for review, vacated the initial decision, and remanded the matter to OPM for further development of the record and the issuance of a new reconsideration decision. *See Deese v. Office of Personnel Management*, 116 M.S.P.R. 166, ¶ 1 (2011). The Board concluded that OPM erred when it issued its decision based on whether the appellant *was*, rather than *is*, incapable of self-support because of a mental or physical disability incurred before age 18. *Id.*, ¶¶ 8-9.

¶3 In May 2011, the appellant filed a motion for attorney fees. MSPB Docket No. AT-0831-10-0065-A-1, Attorney Fee File (AFF-I), Tab 1. The administrative judge denied the motion, finding that, even if the Board's remand of the matter to OPM was sufficient to qualify the appellant as the prevailing party, attorney fees were not warranted in the interest of justice. AFF-I, Tab 9, Initial Decision (ID-I) at 3-8. The appellant did not file a petition for review.

¶4    More than 2 years later, in October 2013, the appellant submitted a "motion for partial summary judgment" that was treated as a petition for enforcement.[2] MSPB Docket No. AT-0831-10-0065-C-1, Compliance File (CF), Tab 1. The administrative judge issued an order, directing the appellant to show cause why his filing should not be dismissed for failure to comply with the Board's regulations regarding the contents of a petition for enforcement. CF, Tab 3 at 2. Because the appellant did not respond to the show cause order, the administrative judge dismissed the petition for enforcement. CF, Tab 7, Compliance Initial Decision (CID) at 1-2. The appellant did not file a petition for review.

¶5    In January 2014, the appellant filed a second motion for attorney fees. MSPB Docket No. AT-0831-10-0065-A-2, Attorney Fee File (AFF-II), Tab 1. The administrative judge issued a show cause order, directing the appellant to submit argument and evidence to demonstrate why his second motion for attorney fees should not be barred under the doctrine of res judicata. AFF-II, Tab 5 at 1-2. The appellant responded. AFF-II, Tab 6. The administrative judge denied the appellant's second motion for attorney fees. AFF-II, Tab 7, Initial Decision (ID-II). The appellant has filed a petition for review with an argument identical to that which he provided below. *Compare* Petition for Review (PFR) File, Tab 1 at 10-19, *with* AFF-II, Tab 6 at 1-10. The agency has not filed a response.

The appellant's second motion for attorney fees for work performed in the underlying annuity appeal is barred by res judicata.

¶6    The appellant argues that res judicata is not applicable to his second motion for attorney fees because his first request was "void, as the case had been remanded to the Agency and therefore jurisdiction was lacking." PFR File, Tab 1

---

[2] OPM responded to the motion by indicating that it had begun to comply with the Board's order in the underlying annuity appeal, but inadvertently routed the appellant's file for storage, rather than processing, resulting in significant delay. CF, Tab 5 at 4-5. Therefore, OPM submitted evidence and argument that it had finally complied with the Board's March 2011 order in December 2013. CF, Tab 6 at 4-6.

at 14. He goes on to argue that his first motion for attorney fees was premature, but done to protect his position. *Id*. at 15-16. We disagree.

¶7 Res judicata, or claim preclusion, prevents parties from litigating claims that were brought or could have been brought in a prior action. *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). It applies if the: (1) prior decision was rendered by a forum with competent jurisdiction; (2) prior decision was a final decision on the merits; and (3) same cause of action and same parties or their privies were involved in both cases. *Id.*

¶8 In arguing against the application of res judicata, the appellant seems to erroneously conflate the Board's jurisdiction over the underlying annuity appeal with its authority to consider his first motion for attorney fees. *See* PFR File, Tab 1 at 14-16. Under 5 C.F.R. § 831.110, the Board has no jurisdiction to decide an issue without a final decision from OPM. *Salarzon v. Office of Personnel Management*, 44 M.S.P.R. 588, 593 (1990), *aff'd*, 925 F.2d 1479 (Fed. Cir. 1991) (Table). Therefore, because OPM used the wrong legal standard in the underlying annuity appeal, the Board lacked jurisdiction to resolve the remaining annuity issues in the first instance. *Deese*, 116 M.S.P.R. 166, ¶¶ 9-10. However, the appellant has failed to cite any authority for the proposition that this somehow divested the Board of jurisdiction regarding his first motion for attorney fees, and we are aware of none.

¶9 The Board's authority to award attorney fees is not unlimited. *E.g. Coradeschi v. Department of Homeland Security*, 109 M.S.P.R. 591, ¶ 8 (2008) (the Board lacks the authority to award attorney fees incurred in connection with an appeal of a Board decision to the Federal Circuit), *aff'd*, 326 F. App'x 566 (Fed. Cir. 2009). However, pursuant to 5 U.S.C. § 7701(g), an appellant is entitled to an award of attorney fees if he shows that an attorney-client relationship existed pursuant to which counsel rendered legal services on the appellant's behalf in connection with a Board proceeding; the appellant was the prevailing party; an award of attorney fees is warranted in the interest of justice;

and the fees requested are reasonable.  *See Holmes v. Office of Personnel Management*, 99 M.S.P.R. 330, ¶ 6 (2005).

¶10      Although the administrative judge found that attorney fees were not warranted in the interest of justice when he considered the appellant's first motion for fees, he did not rule that the Board lacked jurisdiction to consider the motion.  *See* ID-I at 3-8.  That decision became final on November 1, 2011, because the appellant did not file a petition for review, *see* ID-I at 8, and the appellant has failed to show why that decision should not preclude him from bringing the same claim, against the same party, a second time.  Accordingly, we affirm the administrative judge's finding that the second motion for attorney fees, for work performed in the underlying annuity appeal, is barred by res judicata.[3]  *See* ID-II at 3.

<u>The appellant was not entitled to attorney fees in conjunction with his compliance petition.</u>

¶11      The administrative judge found that the appellant was not entitled to attorney fees[4] for the work performed in his compliance appeal because he was not a prevailing party.  ID-II at 4.  We agree.

---

[3] The appellant asserted that the Equal Access to Justice Act (EAJA) was intended to supplement the Board's authority to award attorney fees under 5 U.S.C. § 7701.  AFF-II, Tab 1 at 3, Tab 6 at 8; PFR File, Tab 1 at 17.  To the extent that this argument was intended to bolster his claim for attorney fees under 5 U.S.C. § 7701 for the underlying annuity appeal, the argument is unavailing because res judicata applies.  To the extent that the appellant's argument can be construed as an assertion that he is entitled to EAJA fees for any portion of his case, the administrative judge properly found that the EAJA does not apply.  *See* ID-II at 3, n.2.  While the Board has recognized a limited exception in cases involving actions against administrative law judges, *see National Labor Relations Board v. Boyce*, 51 M.S.P.R. 295, 299-300 (1991), the Board has otherwise held that the EAJA does not provide authority for an award of attorney fees or costs by the Board, *Chin v. Department of the Treasury*, 55 M.S.P.R. 84, 85-86 (1992).

[4] We note that although the second motion for attorney fees indicated that an accounting for approximately 175 hours in attorney time would be provided within 30 days, no such accounting was ever submitted to the record.  *See* AFF-II, Tab 1 at 3; *see generally* 5 C.F.R. § 1201.203(a)(1) (a motion for attorney fees must include accurate and current time records).  Therefore, the record only contains an accounting for the $3,498.77 in

¶12     The determination of attorney fees regarding an initial cause of action does not foreclose consideration of subsequent fee petitions based upon compliance efforts. *Arthur v. Department of Army*, 26 M.S.P.R. 341, 342 (1985). However, as detailed above, an appellant seeking attorney fees must show that an attorney-client relationship existed pursuant to which counsel rendered legal services on the appellant's behalf in connection with a Board proceeding; the appellant was the prevailing party; an award of attorney fees is warranted in the interest of justice; and the fees requested are reasonable. *See Holmes*, 99 M.S.P.R. 330, ¶ 6.

¶13     In *Mynard v. Office of Personnel Management*, 108 M.S.P.R. 58, ¶ 17 (2008), the Board held that oversight of compliance efforts provides the petition for enforcement process with sufficient Board approval to allow an appellant to qualify as a "prevailing party" for purposes of attorney fees under 5 U.S.C. § 7701(g)(1) even in the absence of a Board order finding the agency in noncompliance or an agreement executed by the parties to settle compliance matters. However, in *Mynard*, the petition for compliance was dismissed as moot because the agency complied with the Board's order while the petition was pending. *Id*., ¶ 3. In contrast, the appellant's "motion for partial summary judgment" was dismissed because it failed to comply with the Board's regulations governing petitions for enforcement, and the appellant failed to respond to a show cause order to correct the issue. CID at 1-2. Therefore, the appellant's motion did not result in any Board approval of the appellant's claim of noncompliance sufficient to alter the legal relationship of the parties. *Cf. Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶¶ 11-12 (2010) (declining to order attorney's fees in connection with an appeal that was dismissed as moot after the appellant received the relief he sought as the result of a separate appeal). Accordingly, we affirm the administrative judge's finding that the appellant was

"legal and necessary costs" attributable to the underlying appeal. *See* AFF-II, Tab 1 at 3, 32-35.

not a prevailing party in the compliance phase of his appeal and, therefore, he was not entitled to attorney fees for that work.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.